UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. ELIZABETH SANTOS and GLORIA P. SANTOS, Trustees of the GHS Living Trust,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>FIDELITY NATIONAL TITLE INSURANCE COMPANY, as successor to American Title Insurance Company,<br><br>　　　　　　　　　　　Defendant. | Case No.: 24cv2069-GPC(MSB)<br><br>**ORDER GRANTING PLAINITFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**<br><br>[Dkt. No. 21.] |

Plaintiffs filed a motion for leave to file a second amended complaint. (Dkt. No. 21.) Defendant filed an opposition and Plaintiffs replied. (Dkt. Nos. 26, 27.) Based on the reasoning below, the Court GRANTS Plaintiff's motion for leave to file a second amended complaint.

### Background

On November 4, 2024, Plaintiff J. Elizabeth Santos and Gloria P. Santos, as Trustee of the GHS Living Trust ("Plaintiffs or "Insured") filed a complaint against Defendant Fidelity National Title Insurance Company ("Defendant" or "Fidelity") seeking declaratory relief and alleges claims for breach of contract, bad faith, and in the

alternative, contract reformation.  (Dkt. No. 1, Compl.)  In response to the Court's order to show cause why the case should not be dismissed for lack of subject matter jurisdiction, Plaintiffs responded and the Court dissolved the order to show cause.  (Dkt. Nos. 4, 5, 6.)  On November 22, 2024, Plaintiffs filed an amended complaint to properly allege subject matter jurisdiction.  (Dkt. No. 7.)

Defendant filed an answer on January 2, 2025.  (Dkt. No. 8.)  On March 3, 2025, Defendant filed a motion for judgment on the pleadings.  (Dkt. No. 12.)  Then, on April 9, 2025, Plaintiffs filed the instant motion for leave to file a second amended complaint.  (Dkt. No. 21.)  In the meantime, on April 11, 2025, Plaintiffs filed a response to Defendant's motion for judgment on the pleadings and a motion for partial summary judgment.  (Dkt. Nos. 22, 23.)  On April 28, 2025, Defendant filed an opposition to the motion for leave to file a second amended complaint.  (Dkt. No. 26.)  A reply was filed by Plaintiffs on May 6, 2025.  (Dkt. No. 27.)

## Discussion

Under Federal Rule of Civil Procedure ("Rule") 15, courts "should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded.").  Granting leave to amend rests in the sound discretion of the trial court.  *Int'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines*, 761 F.2d 1386, 1390 (9th Cir. 1985).

"Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint."  *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004); *see also Foman*, 371 U.S. at 182 (*Foman* factors).  These factors do not carry equal weight; the possibility of delay alone, for instance, cannot justify denial of leave to amend, but when combined with a showing of prejudice, bad faith, or futility of amendment, leave to amend will likely be denied.  *DCD Programs, Ltd.*, 833 F.2d at 186; *Bowles v. Reade*, 198 F.3d 752, 757-58 (9th Cir. 1999).  The single most

important factor is whether prejudice would result to the non-movant as a consequence of the amendment. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *William Inglis & Sons Baking Co. v. ITT Continental Baking Co.*, Inc., 668 F.2d 1014, 1053 n.68 (9th Cir. 1981). "Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Cap. LLC*, 316 F.3d at 1052 (emphasis in original). The burden of demonstrating prejudice falls on the party opposing leave to amend. *DCD Programs, Ltd.*, 833 F.2d at 187. When determining whether to grant leave to amend, courts "must remain guided by 'the underlying purpose of Rule 15 . . . to facilitate decision on the merits, rather than on the pleadings or technicalities.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*) (quoting *Noll v. Carlson*, 809 F.2d 1446 (9th Cir. 1987)).

Plaintiffs contend that the *Foman* factors support their motion. They argue there has been no undue delay as they filed the motion within days of discovering the factual error while preparing their opposition to the motion for judgment on the pleadings. (Dkt. No. 21-2 at 4.) They also assert that the amendment is not due to bad faith or dilatory motive but to provide factual accuracy of the pleadings and even reached out to defense counsel to avoid any delay in the case. (*Id.* at 5.) They claim this is their first request to cure the pleading deficiency noting that the prior amendment was filed in response to the Court's order to show cause. (*Id.*) They further maintain that the proposed amendment will not prejudice Defendant because the case is in its infancy, and finally, the proposed amendment is not futile because any claims as to the merits of the proposed pleading can be raised after the pleadings have been finalized. In opposition, Defendant contends that the proposed amendments (1) are futile; and (2) will unfairly prejudice it. (Dkt. No. 26.)

**A.   Futility**

"[A proposed] amendment is futile when no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (citation and quotation marks omitted). "Denial of leave to amend on this ground is rare. Ordinarily, courts will

defer consideration of [futility] challenges . . . until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003); *Green Valley Corp. v. Caldo Oil Co.*, No. 09cv4028-LHK, 2011 WL 1465883, at *6 (N.D. Cal. Apr. 18, 2011) (noting "the general preference against denying a motion for leave to amend based on futility"); *see also Clarke v. Upton*, 703 F. Supp. 2d 1037, 1043 (E.D. Cal. 2010) ("However, denial [of a motion to amend] on this ground is rare and courts generally defer considerations of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed."). As the Ninth Circuit explained, "[i]t would be undesirable to resolve important legal questions on the basis of allegations which are incomplete" and "[i]t has been said that the sufficiency of an amended pleading ordinarily will not be considered on motion for leave to amend." *Breier v. N. Cal. Bowling Proprietors' Ass'n*, 316 F.2d 787, 790 (9th Cir. 1963).

Here, the parties dispute whether Plaintiffs are "insured" as defined in the Title Policy and whether they are entitled to coverage under the Title Policy issued by Fidelity to Plaintiff J. Elizabeth Sanchez and her then husband, Jose P. Santos, in 1981. (Dkt. No. 7, Am. Compl. ¶ 2; *see* Dkt. Nos. 12, 23.) Plaintiffs seek to correct how the property was subsequently transferred. The FAC alleges the property is being held as J. Elizabeth Santos and Gloria P. Santos, as co-Trustees, but in fact, it should be corrected and the property is being held as Gloria P. Santos, as Trustee and J. Elizabeth Santos, in her individual capacity, as joint tenants. (*See* Dkt. No. 21-1 at 2; Dkt. No. 21-4, Proposed SAC ¶ 5.) In its opposition, Defendant includes arguments raised in its motion for judgment on the pleadings arguing the amendments are futile. However, the Court is not prepared to address the merits of Defendant's motion for judgment on the pleadings on a motion for leave to amend. At this stage of the litigation, the Court is not ruling on the sufficiency of the proposed pleadings, but only on whether "no set of facts" can be proven that would constitute a valid and sufficient claim. *See Missouri ex rel. Koster*, 847 F.3d at 656 (citing *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). Here, Plaintiffs seek to correct a factual error on how they have held title to the property,

which is relevant to determining whether they are "insureds" covered by the Title Policy. Accordingly, the Court finds that the proposed amendment is not futile.

## B. Prejudice

Defendant argues it will be prejudiced because the motion to amend is an attempt to derail and disrupt its motion for judgment on the pleadings because Plaintiffs should have known or had constructive knowledge of the proposed amendment when they filed their complaint yet waited six months to seek leave to amend. (Dkt. No. 26 at 3-4.) Plaintiffs respond that they have no interest in delaying the case and reached out to defense counsel in an attempt to address the factual error without filing the instant motion but defense counsel did not respond. (Dkt. No. 27 at 3.)

"Prejudice is the touchstone of inquiry under Rule 15(a)," and "[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Cap. LLC*, 316 F.3d at 1052 (internal quotation marks omitted). Prejudice may exist where new allegations "greatly alter[] the nature of the litigation" and would require defendants to undertake, "at a late hour, an entirely new course of defense." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *Peterson v. California*, No. 1:10-cv-01132-SMS, 2011 WL 3875622, at *3 (E.D. Cal. Sept. 1, 2011) ("[W]hen, after a period of extensive discovery, a party proposes a late-tendered amendment that would fundamentally change the case to incorporate new causes of action and that would require additional discovery, the amendment may be appropriately denied as prejudicial to the opposing party.").

Despite its frustration, Defendant fails to articulate any prejudice it will suffer from allowing the complaint to be amended to allege the correct holding of property by Plaintiffs. First, the litigation is in its early stages, *see Fremantlemedia N. Am., Inc. v. AXA Ins. Co.*, 2010 WL 11601204, at *3 (C.D. Cal. Nov. 5, 2010) (granting motion for leave to amend because, *inter alia*, the case was in "its early stages and neither party ha[d] conducted discovery, except for initial disclosures."), and Plaintiffs' proposed amendments do not add new legal claims or theories, but simply corrects the property

transfer at issue.  Further, litigation expenses incurred before a motion to amend is filed does not constitute prejudice.  *United States v. United States Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016).  Accordingly, Defendant has failed to demonstrate any prejudice if Plaintiff is granted leave to file a second amended complaint.

In sum, the Court concludes that the *Foman* factors support Plaintiff's motion for leave to file an amended complaint.

## Conclusion

For the reasons set forth above, the Court GRANTS Plaintiffs' motion for leave to file a second amended complaint.  Plaintiffs shall file a second amended complaint within three (3) days of the Court's order.  In light of the Court's ruling, the Court DENIES Defendant's motion for judgment on the pleadings, (Dkt. No. 12) and Plaintiff's motion for partial summary judgment, (Dkt. No. 23), as MOOT.  The parties may re-file their motions once the second amended complaint has been filed.  The hearing currently set for May 23, 2025 is hereby vacated.

IT IS SO ORDERED.

Dated:  May 9, 2025

Hon. Gonzalo P. Curiel
United States District Judge